22-2729-pr
*Vidal v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

PRESENT:
>JOHN M. WALKER, JR.,
>SUSAN L. CARNEY,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

Joseph Vidal,

>*Plaintiff-Appellant*,

>v.                                                          22-2729

Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections and

Community Supervision, Anthony Rodriguez, Acting Director of Special Housing Unit/Inmate Disciplinary Program, Eric Corbett, Food Service Administrator/Disciplinary Hearing Officer, Great Meadow Correctional Facility, Christopher Miller, Superintendent, Great Meadow Correctional Facility, Nicole Zimmerman, Offender Rehabilitation Coordinator/Disciplinary Employee Assistant, Great Meadow Correctional Facility, Rod Eastman, Deputy Superintendent for Security Services, Great Meadow Correctional Facility,

*Defendants-Appellees*,

State of New York, Department of Corrections and Community Supervision, Phil Melecio, Deputy Superintendent for Programs, Michael Iffert, Correction Officer, Great Meadow Correctional Facility, Daniel Styczynski, Correction Officer, Great Meadow Correctional Facility, Matthew Waters, Grievance Supervisor, Great Meadow Correctional Facility, Bradlee Tyler, Grievance Supervisor, Great Meadow Correctional Facility, Brandi Collyer, Grievance Supervisor, Upstate Correctional Facility, Stephanie Pelo, Grievance Supervisor, Upstate Correctional Facility, Sandra D. Danforth, Deputy Superintendent for Administrative Services, Upstate Correctional Facility, Carl J. Koenigsmann, M.D., Deputy Commissioner/ Chief Medical Officer, DOCCS, Kimply Lipka, Nurse, Great Meadow Correctional Facility, Nancy Smith, Nurse Administrator, Upstate Correctional Facility, George Waterson,

2

Nurse, Upstate Correctional Facility, Lordi Rosanna, Nurse, Upstate Correctional Facility, Kathleen K. White, Designated FOIL Officer at Great Meadow Correctional Facility, David Infantino, Deputy Commissioner of CORC, DOCCS, Leslie Becher, Deputy Commissioner of CORC, DOCCS, Anthony Wallace, Deputy Commissioner of CORC, DOCCS, Mary Tandy-Walters, Deputy Commissioner of CORC, DOCCS, Opal Rivera, Deputy Commissioner of CORC, DOCCS, David Harvey, Assistant Counsel, DOCCS, Karen R, Bellamy, Former Director, Inmate Grievance Program, Central Office Review Committee,

*Defendants*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Joseph Vidal, *pro se*, Napanoch, NY. |
| FOR DEFENDANTS-APPELLEES: | Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Sean P. Mix, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

3

Appeal from a September 26, 2022 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*; Daniel J. Stewart, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Joseph Vidal, a state prisoner proceeding *pro se*, alleged via 42 U.S.C. § 1983 that the defendants—the New York State Department of Corrections and Community Supervision ("DOCCS") and several of its officers and employees, both at his facility and elsewhere—were deliberately indifferent to the freezing temperature in his cell and that they improperly conducted disciplinary proceedings, in violation of his constitutional rights under the Eighth and Fourteenth Amendments. [1] Adopting a magistrate judge's report and recommendation, the district court granted summary judgment to the defendants on both claims. Though Vidal timely appealed, he has abandoned the

---

[1] Vidal raised other claims that were resolved before the summary judgment stage. We do not recite them, as he does not challenge their disposition in this appeal.

disciplinary hearing claim by failing to brief it. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). We otherwise assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment *de novo*. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment is appropriate only if, after resolving all ambiguities and drawing all inferences against the moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 126–27 (quoting Fed. R. Civ. P. 56(a)). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (internal quotation marks omitted). Because Vidal has proceeded *pro se* throughout, we liberally construe his filings to raise the strongest arguments they suggest. *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam).

"In order to establish a violation of his Eighth Amendment rights, an inmate must show (1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently

5

culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted). "The charged official must be subjectively aware that his conduct creates such a risk." *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006).

Here, assuming that freezing temperature was a sufficiently serious condition of confinement within the meaning of the Eighth Amendment, we agree with the district court that Vidal failed to demonstrate that the defendants acted with the requisite deliberate indifference to his health and safety. He did not provide evidence that Deputy Superintendent of Security Rod Eastman or Superintendent Christopher Miller knew of the temperature in his cell or any problem with the heating in the six days from February 11 through February 16, 2016. On the contrary, Eastman and Miller declared that they had no knowledge of any freezing temperature in Vidal's housing unit in February 2016. *Cf. Gaston*, 249 F.3d at 165–66 (reversing summary judgment on Eighth Amendment claim because "defendants did not submit an affidavit or other sworn evidence . . . denying that they had knowledge of or responsibility for the freezing and

6

unsanitary conditions").

We do not find on the record before us that the prison's internal investigation of Vidal's complaint and his subsequent appeal support the allegation that Eastman had knowledge of the alleged problem with heating or the temperature in Vidal's cell. An area supervisor reported to the Inmate Grievance Supervisor that the heating in Vidal's housing unit was working properly, and that "the temperature [was] within an acceptable level." Dist. Ct. Dkt. No. 60-8 at 10. The Inmate Grievance Supervisor then relayed this information to the Incarcerated Grievance Resolution Committee, and the Committee denied his grievance. The superintendent, Eastman, denied the appeal as unsubstantiated based upon the report from facility staff. While Eastman had been aware of Vidal's complaint, the record demonstrates that following an investigation by facility maintenance staff, he received assurances that the heating was working properly.

Vidal also objects to the district court's management of discovery. However, we agree with Defendants-Appellees that he forfeited his challenge to the denial of additional discovery by failing to file a Rule 56(d) affidavit. *See Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (describing the Rule 56(d)

7

process).    Vidal concedes that he failed to file such an affidavit.    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) ("[F]ailure to file an affidavit under Rule 56([d]) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate . . . .").

Finally, to the extent he intends to contest earlier magistrate judge orders on the discovery process and the denial of appointment of counsel, Vidal forfeited appellate review of those orders by failing to seek the district court's review of them.    *See* Fed. R. Civ. P. 72(a); *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993).    In any event, even if Vidal had not forfeited appellate review of those orders, the magistrate judge's decision denying these motions represented a reasonable exercise of discretion.

We have considered Vidal's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8